IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESSICA A. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00121 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Jessica A. Graham brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying her claim for supplemental security income (SSI) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 20.)

Graham timely filed written objections. (Dkt. No. 21.) After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court agrees with, and will adopt in full, the magistrate judge's recommendation. Accordingly, defendant's motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Report 2–4, Dkt. No. 20.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)).

Graham raises two objections to the report, and, although they are the same basic arguments that she made in her brief before the magistrate judge, she points to specific parts of the report and its reasoning that she believes are incorrect. Thus, the court will address her objections and apply a de novo standard of review.

**B. ALJ's Decision**

On October 31, 2014, the ALJ entered his decision analyzing Graham's claim, ultimately concluding that Graham was ineligible for benefits. In reaching his decision, the ALJ followed the five-step process found in 20 C.F.R. § 416.920 (2016). The five-step evaluation asks the following questions, in order: (1) whether the claimant is working or participating in substantial gainful activity; (2) whether the claimant has a severe impairment of the duration required by 20 C.F.R. § 416.909; (3) whether she has a type of impairment whose type, severity, and duration meets the requirements listed in the statute; (4) whether she can perform her past work, and if not, what her residual functional capacity (RFC) is; and (5) whether work exists for the RFC

3

assessed to the claimant. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the commissioner to establish that the claimant maintains the RFC, considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A).

In this case, Graham met the insured status requirements of the Act since the date of her application—December 12, 2011. Although she had worked after her application date, the job was short-lived and did not constitute substantial gainful employment. (ALJ Decision, Administrative Record (R.) 15, Dkt. No. 8-1.) At step two, the ALJ found that Graham has several "severe" impairments: degenerative disc disease, affective disorder, and personality disorder. She also had a history of abdominal pain/vomiting, history of left shoulder pain, knee pain, and headaches, but the ALJ found that they did not constitute severe impairments. (R. 16.) At step three, the ALJ found that Graham's impairments did not meet or medically equal any listed impairments. (*Id.* at 16–17.)

The ALJ then evaluated Graham's RFC, considering all of her impairments. In determining Graham's RFC, the ALJ limited her to light work, with additional limitations. The ALJ also limited claimant, "[d]ue to mental limitations" to "simple, easy to learn, repetitive, routine unskilled work activity," "only occasional interaction with the public and supervisors," and required a "static work environment with few changes in work routines and settings." (*Id.* at 18.)

Based on her RFC, the ALJ determined that Graham was not capable of performing her past relevant work as a home companion, food service worker, cashier, or stocker, all of which were either at the medium exertion level or required more than occasional interaction with the

public. (*Id.* at 24.) He determined, though, that considering her age, education, work experience, and RFC, Graham was capable of performing other jobs that exist in the national and local economies at the unskilled light level of exertion, such as assembler, packer, and inspector/tester/sorter. (*Id.* at 25.) He therefore concluded that she was not disabled and not eligible for SSI. (*Id.*) In his report, the magistrate judge concluded that substantial evidence supported the ALJ's decision. (Report 1.)

## C. Graham's Objections

Graham asserts two objections to the magistrate judge's report, both of which she raised before the magistrate judge, too. First, she argues that the ALJ failed to account for Graham's moderate limitation in concentration, persistence, and pace and, in particular, failed to explain how Graham could perform work for an eight-hour day. She argues that the report fails to address this omission. She also contends that the ALJ did not provide a sufficiently detailed assessment when explaining his RFC findings at Steps 4 and 5 and that certain comments the magistrate judge pointed to as supporting the RFC were made at Steps 2 and 3, not at Steps 4 and 5. She further complains that the magistrate judge "impermissibly attempt[ed] to build a logical bridge between the evidence of record and the ALJ's RFC findings" when that bridge is the responsibility of the ALJ and must be set forth in his decision. (Objs. 3–4, Dkt. No. 21.)

Graham's second objection is that the report incorrectly concluded that the ALJ's credibility findings are supported by substantial evidence. She points out that the activities referenced by the ALJ as undermining Graham's credibility were activities that were not performed on a consistent basis and in each instance exacerbated her pain and required her to seek medical attention. She contends that the ALJ erred in considering that plaintiff could bowl, because that was an activity that required the assistance of her caseworker to get her there and an

activity that resulted in increased pain and limitation. She also contends that the ALJ's reliance on Graham's testimony that she cared for her children is misplaced because she testified that at times she was able to rest because the children were watching a movie or playing with their toys. Finally, she asserts that the ALJ's reliance on Dr. Sherrard's note allowing Graham to return to work referenced only her treatment for viral gastroenteritis and did not mean that Dr. Sherrard believed plaintiff could work without limitations.

The court addresses each objection in turn.

### 1. The magistrate judge correctly found that the ALJ's RFC was supported by substantial evidence.

Graham first objects to the magistrate judge's conclusion that the ALJ's decision satisfied Social Security Ruling (SSR) 96-8p. She contends instead the ALJ never addressed her ability to work over an eight-hour day and that the RFC contains no limitations that address her moderate limitations in concentration, persistence, or pace.

SSR 96-8p "requires that the RFC assessment 'include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence (e.g., daily activities, observations).'" *St. Clair v. Colvin*, No. 7:13-cv-571, 2015 WL 5310777, at *14 (W.D. Va. Sept. 11, 2015) (quoting SSR 96-8p, at *7). Upon review of the ALJ's decision and for all of the reasons discussed at length by the magistrate judge (Report 7–10), the court agrees with the magistrate judge that "the ALJ's discussion of Graham's mental limitations satisfies the requirements of SSR 96-8p." (*Id.* at 7).

In support of her first objection, Graham points to *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the court acknowledged that "the ability to perform simple tasks differs from the ability to stay on task," and held that remand was required because the ALJ did not either include a limitation in concentration, persistence, or pace in his hypothetical or explain

6

why such a limitation did not affect the claimant's RFC. *Id*. at 638. In *Mascio*, however, the ALJ failed to give any explanation at all and therefore remand to the Agency was required. *Id.*

Here, by contrast, the ALJ noted that Graham had a moderate limitation in maintaining concentration, persistence, or pace, which was consistent with the reviewing psychologists' opinions. Both of those psychologists opined that Graham was "moderately limited" in her ability to maintain attention and concentration (R. 23.), but both also stated that she was "able to perform simple and nonstressful work duties on a consistent basis." (R. 86–87, 102, 104.) Thus, the limitations imposed in the RFC, which included a limitation to "simple, easy to learn, repetitive, routine skilled work activity, only occasional interaction with the public and supervisors, and a "static work environment with few changes in work routines and settings," were consistent with the opinions of those psychologists, whose opinions the ALJ gave "some weight." (R. 23.)

Additionally, the ALJ noted that Graham was not receiving mental health treatment or taking any medications for mental symptoms, and that no medical doctor had imposed any limitation on her ability to work. (R. 22, 23.) Graham points to nothing in the medical evidence that suggests she was incapable of working an 8-hour day if her tasks were limited to simple and nonstressful work duties, which limitation the ALJ included.

Graham is correct that the magistrate judge pointed to certain of the ALJ's statements that were made at Steps 2 and 3 for support of the RFC. (Report 7 (discussing R. 18, where ALJ discussed Graham's daily activities, including applying for jobs on-line, caring for her two-year old, preparing meals, doing laundry, driving a car, etc.).) But the ALJ also referenced those same activities at Step 4. (R. 23 (noting that his RFC was supported by, in part, Graham's "activities of daily living that included taking care of" her 2-year old son and also, occasionally,

her 2-year old stepson).)  Thus, the ALJ explicitly relied on Graham's daily activities in fashioning Graham's RFC.  Graham's objection does not undermine the magistrate's judge's analysis, or the ALJ's.

For all of these reasons, the court agrees with the magistrate judge that the ALJ's ruling contained a narrative discussion of the claimant's symptoms and medical source opinions sufficient to allow meaningful review of the RFC.  And the court's review finds that the ALJ's determination was supported by substantial evidence.  The court therefore overrules Graham's first objection.

> **2. The magistrate judge correctly found that the ALJ's credibility ruling was supported by substantial evidence.**

Graham's second objection focuses on the ALJ's determination as to her "credibility."[1] In determining that Graham's own description of her limitations was inconsistent with the medical evidence and other evidence of record, the ALJ relied in part on her ability to care for her children and the fact that Dr. Sherrard had issued a note releasing her to return to work. Graham contends that the ALJ erred in failing to consider her full statements about the manner in which she cared for her children and that the ALJ's reliance on Dr. Sherrard's "return to work" slip was misplaced.  She also contends that the ALJ improperly relied on reported activities, such as her bowling, that actually resulted in pain for her.

At the outset, the court notes that its review of this issue is limited.  Graham's second objection effectively asks the court to resolve inconsistencies between the claimant's testimony and the evidence of her ability to work.  That is the province of the ALJ, and it is inappropriate for this court to interfere with the determination of credibility.  SSR 96-4p (1996).  *See*, *e.g.*,

---

[1] As the magistrate judge noted, "credibility" is no longer the term to be used, but the principle is the same—the ALJ must assess whether the claimant's subjective symptom statements are supported by the medical evidence.  (Report at 11 n.14, Dkt. No. 20.)

8

*Chafin v. Shalala*, No. 92-1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) ("It is not the proper province of the courts to second-guess the ALJ's credibility determinations.") (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964)). The court has considered Graham's objections, and it concludes that substantial evidence supported the ALJ's credibility determination and that the magistrate judge did not err in so finding.

As to caring for her children, she contends in her objections that she was not capable of caring for her children for an 8-hour period, and that she so testified. The ALJ inquired about this during the hearing, though, and she confirmed that she was able to care for them, even including fixing meals, playing with them, and teaching them. (R. 63.) There was also other evidence relied upon by the ALJ, such as that her headaches had improved by July 2012, and that no doctor had placed her under any limitations and the state agency doctors had found she was capable of working.

As to the ALJ's reliance on Dr. Sherrard's note that she could return to work without limitations, Graham is correct that the ALJ referred to Dr. Sherrard releasing her and that Dr. Sherrard's "return to work" note was given at Graham's request after Graham was seen for a gastrointestinal virus, rather than for some other ailment. So, it is entirely possible that Dr. Sherrard's note only referred to her being cleared to work because she had sufficiently recovered from the gastrointestinal virus and not as a comment on any other ability.

Nonetheless, it is also the case that Dr. Sherrard refused to fill out a disability form for Graham and that Dr. Sherrard never offered any opinion that Graham had significant limitations *precluding* her from working. It is also true that Graham presented no evidence from any other medical professional offering an opinion that she was not capable of work or had additional

9

limitations that the ALJ did not take into account. In light of this, the court believes that substantial evidence supported the ALJ's credibility determination.

Finally, although Graham argues that some of the activities she performed, such as bowling, exacerbated her pain and caused her to seek medical attention, and thus the ALJ should not have relied on them to discount her reported symptoms, she also plainly testified that she had no lingering difficulties from many of her physical problems. (R. 66–67.) Furthermore, and as pointed out by the magistrate judge, the ALJ noted that Graham received conservative treatment for her back and that her physical exams often showed full strength, range of motion, and normal reflexes. (R. 22–23.) Thus, there is sufficient medical evidence on which the ALJ could have relied to determine her symptoms were not as severe as she reported.

For these reasons, the court overrules Graham's objection as to the report's treatment of the ALJ's credibility finding.

## III. CONCLUSION

After a de novo review of the record, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Graham's objections and adopt the magistrate judge's report and recommendation. The court will therefore grant the commissioner's motion for summary judgment and deny Graham's motion for summary judgment.

An appropriate order will be entered.

Entered: September 20, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge